UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN ANJORIN

    Plaintiff,

v.

DETROIT, CITY OF, *et. al.*,

    Defendants.
_____/

Case No. 16-10893

Hon. Sean F. Cox

# **OPINION & ORDER**
# **GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Stephen Anjorin ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). Plaintiff names the following as defendants in this action: (1) the City of Detroit; (2) Detroit Police Chief James Craig; (3) Detroit Police Officer Morris Joseph; (4) Detroit Police Officer Sheila Homic; and (5) Boulevard & Trumbull Towing. Plaintiff's complaint stems from the towing and resulting damage to several of Plaintiff's vehicles. Plaintiff seeks monetary damages in excess of $2 million as a result of Defendants' alleged conduct.

Defendants City of Detroit, James Craig, and Boulevard & Trumbull have filed motion for summary judgment.[1] This matter is currently before the Court on both motions.[2] (Doc. # 25,

---

[1] Plaintiff filed an amended complaint, without seeking leave from this Court, on January 19, 2017. (Doc. # 30). Plaintiff's amended complaint differed from the original in that it added additional defendants: (1) Detroit Police Officer Morris Joseph; and (2) Detroit Police Officer Sheila Homic. At this time, Defendants had already filed their respective motions for summary judgment. The Court therefore held a status conference. At the conference, counsel for Defendants City of Detroit and Craig Shaw indicated that they had no objection to the amended

Def.s' Br.; Doc. # 23, B&T Br.).

Defendant Boulevard & Trumbull argues that Plaintiff's claim against it should be dismissed on three alternative grounds: (1) that Boulevard & Trumbull complied with Michigan law when it removed Plaintiff's vehicles at the direction of the Detroit Police Department; (2) that Plaintiff's gross negligence claim is barred by the signed release that Plaintiff signed waiving any potential claims for damages associated with the towing and storage of his vehicles; and (3) that the evidence establishes that Boulevard & Trumbull did not damage Plaintiff's vehicles.

Defendants City of Detroit and James Craig seek dismissal of Plaintiff's complaint on various grounds, including: (1) Defendant Craig and the defendant officers are immune from tort liability; (2) Defendant Craig and the defendant officers did not engage in conduct which was the proximate cause of Plaintiff's injuries; (3) Plaintiff fails to make any particularized factual allegations implicating Defendant Craig; (4) Plaintiff fails to offer any evidence of constitutional violations; and (5) Plaintiff's municipal liability claim against the City of Detroit fails because Plaintiff has not established that any alleged deprivation occurred due to a policy, custom or practice.

The Court heard oral argument as to the motions on May 11, 2017. For the reasons stated below, the Court shall **GRANT** Defendants' motions and dismiss this case.

---

complaint and that the instant motion was still sufficient for purposes of opposing the complaint. (*See* Doc. # 37).

[2] The instant Opinion & Order shall also address Plaintiff's claims against the individual officers.

## BACKGROUND

### A. Factual Background

Plaintiff alleges that on September 29, 2014, at approximately 7 a.m., he was at his house located at 2440 West Euclid Street in Detroit, Michigan. (Doc. # 30, Am. Compl. at ¶ 10). Upon hearing noise downstairs, Plaintiff stepped outside of the house and saw two unnamed Detroit police officers (presumably Defendants Morris Joseph and Sheila Homic) and two tow trucks belonging to Defendant Boulevard & Trumbull Towing. (*Id*. at ¶¶ 12-13).

Plaintiff alleges that he was told by the Defendant officers that four of his vehicles were being towed because they were stolen property. (*Id*. at ¶ 15). Plaintiff further claims that upon request, he was able to provide Defendants with the title, registration, and insurance belonging to one of his vehicles (a 1998 Toyota Corolla). (*Id*. at ¶ 17). According to Plaintiff, the Toyota Corolla was subsequently released but the remaining three vehicles were towed. (*Id*. at ¶ 18). Plaintiff alleges that the 1998 Toyota was damaged.

Defendants claim that the 2440 West Euclid property did not belong to Plaintiff and that Plaintiff was illegally squatting there at the time of the incident at issue. The 2440 West Euclid property was issued a Judgment of Foreclosure on March 30, 2012, which became final and unappealable on April 20, 2012. (Def.s' Br. at Pg ID 273). The property then vested to the Wayne County Treasurer and reverted back to the City of Detroit on February 7, 2013. (Def.s' Br. at Pg ID 274). The City of Detroit later Quit Claimed the property to the Detroit Land Bank Authority on November 20, 2014. (Def.s' Br. at Pg ID 275).

On September 26, 2014, Defendants claim that the Seventh Precinct received complaints

regarding abandoned vehicles/inoperable motor vehicles in the area of the 2440 West Euclid property. Defendants Joseph and Homic subsequently investigated several vehicles in the area. On September 30, 2014, Defendant Boulevard & Trumbull was called to perform towing services by the Detroit Police Department.[3] (Ex. 1 to B&T's Br. at ¶ 2). At the direction of the defendant officers, Boulevard & Trumbull impounded a 2008 Toyota Camry and a 1999 Mercedes Benz. (Ex. 1 to B&T's Br. at ¶¶ 5-6; Ex. B to Def.s' Br. at Pg ID 294-95). The Impounded Vehicle reports, dated September 30, 2014, indicate that the vehicles were impounded because they were parked on private property. (*Id*.).

Plaintiff eventually retrieved his vehicles from Defendant Boulevard & Trumbull. Plaintiff paid the towing and storage fees incurred upon the 2008 Toyota Camry and the 1999 Mercedes, and signed a release discharging Boulevard & Trumbull from any cause of action or claims for damages associated with the towing and impounding of the vehicle in question. (Ex. 2 & 3 to B&T Br.). Plaintiff alleges that upon retrieving the vehicles, he discovered that the 1999 Mercedes was damaged and that the 2008 Toyota Camry no longer moved on drive. (Am. Compl. at 22, 24).

Plaintiff subsequently went to the Tenth Precinct to launch a formal complaint and requested to speak to the supervisor. (*Id*. at ¶ 23). According to Plaintiff, he was advised that

---

[3] There is a discrepancy between the address that Defendants claim the towing services were provided. Defendant Boulevard & Trumbull's records indicate that the company was called to perform services at the location of 2430 Euclid, Detroit, Michigan. However, Defendant City of Detroit's records indicate that the services were performed at 2440 West Euclid, Detroit, Michigan. Plaintiff has also represented that the services were performed at the 2440 West Euclid address.

the vehicles were impounded "due to violation of Environmental laws." (*Id*.).

**B.    Evidence Presented**

In support of Plaintiff's version of the facts, he provides a sworn statement by John Olivier, Plaintiff's neighbor, stating that on an unspecified date in the Fall of 2014, Olivier witnessed "some police officers with the tow truck company at the Plaintiff's residence towing his vehicles out of his building to the street while [Olivier] was standing outside of [his] building." (Doc. # 31 at Pg ID 350-51).

Plaintiff also provides a document entitled, "Damage Claim Form," which is dated October 4, 2014. (Doc. # 28 at Pg ID 316). Defendant Boulevard & Trumbull's address is located on the upper lefthand side of the document. The document includes information regarding alleged loss/damage to Plaintiff's 1999 Mercedes. The document contains the following handwritten notes describing the loss/damage as follows: "right side mirror half broken left side hub cap missing." (*Id*.). There is no indication as to whether Boulevard & Trumbull provided this document to Plaintiff. Nor is there any indication as to who filled the document out. Plaintiff additionally provides copies of the Detroit Police Department Impounded Vehicle report for the 1999 Mercedes and the 2008 Toyota Camry. (Doc. # 28 at Pg ID 317-18)

In support of their motion, Defendants City of Detroit and James Craig provide, in relevant part: (1) Wayne County Deeds regarding the 2440 West Euclid property; (2) the Impounded Vehicle reports, which contain information regarding the impound of the 1999 Mercedes and the 2008 Toyota Camry; and (3) Detroit Police Department's Impounding of

5

Vehicles Directive.

Defendants Boulevard & Trumbull provides the following in support of its motion: (1) affidavit of Boulevard & Trumbull employee, Scott Kopke; (2) Towing Records of the 2008 Toyota Camry and the 1999 Mercedes; and (3) photos of the 2008 Toyota Camry and the 1999 Mercedes.

**C.    Procedural Background**

Plaintiff filed the instant § 1983 action on March 11, 2016.  (Doc. # 1).  After the close of discovery, Defendant Boulevard & Trumbull and Defendants City of Detroit and James Craig filed motions for summary judgment, respectively.  (Doc. # 23; Doc. # 25).  Plaintiff filed responses opposing the motions.  (Doc. # 28; Doc. # 31).

On January 19, 2017, Plaintiff filed a "First Amended Complaint" (Doc. # 30) without first seeking leave from the Court.  On February 15, 2016, Plaintiff was ordered to show cause why the Court should not strike the unauthorized amended complaint.  (Doc. # 32).  On March 28, 2017, the Court held an on-the-record status conference.  At the conference, Defendants stated that they do not object to Plaintiff having filed an amended complaint in order to name the two Detroit police officers alleged in the complaint as Defendants.  (Doc. # 37).  As such, the Court advised that it still intended to hear the previously filed motions, which had already been briefed by the parties.

Plaintiff's amended complaint, which is the operative complaint in this case, names the following as defendants: (1) City of Detroit; (2) Detroit Police Chief James Craig; (3) Boulevard & Trumbull; (4) Detroit Police Officer Morris Joseph; and (5) Detroit Police Officer Sheila

6

Homic.  (Doc. # 30, Am. Compl.).  Plaintiff's complaint alleges the following five counts:

| | | |
|---|---|---|
| Count I | "Gross Negligence" (against Defendant Boulevard & Trumbull, Defendant Morris Joseph, and Defendant Sheila Homic) | |
| Count II | "42 U.S.C. 1983" (against Defendant Morris Joseph and Defendant Sheila Homic) | |
| Count III | "42 U.S.C. 1983" (against Defendant City of Detroit) | |
| Count IV | "Supervisory Liability" (against Defendant James Craig) | |
| Count V | "Violation of 42 U.S.C. 1983; Conspiracy to Violate The Civil Rights Of Stephan Anjorin" (against Defendant Morris Joseph, Defendant Sheila Homic, and Defendant James Craig) | |

(Am. Compl.).  Plaintiff seeks over $2 million in damages as a result of the constitutional violations allegedly suffered.

Defendant Boulevard & Trumbull filed a motion for summary judgment on December 13, 2016.  (Doc. # 23).  Defendants City of Detroit and James Craig filed an amended motion for summary judgment on December 15, 2016.  (Doc. # 25, Def.s' Br.).  As already mentioned, Defendants filed their respective motions prior to the filing of Plaintiff's amended complaint.  Because Plaintiff's amended complaint differs from the original only in that it names two Detroit police officers as defendants, the motions remain sufficient for purposes of opposing the operative complaint.  Plaintiff has filed a response opposing Defendants' motions.  (Doc. # 28 & 31).

# STANDARD[4]

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1984), *quoting* FED. R. CIV. P. 56(c).

"The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case." *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). "The moving party may meet its burden by showing that the nonmoving party lacks evidence to support an essential element of its case." *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993).

The plaintiff must then come forth with more than a "mere scintilla of evidence" in support of his or her position in order to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). "The court must view the evidence, all facts, and any inferences that may permissibly be drawn from the facts in the light most favorable to the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[4] Defendants City of Detroit and James Craig appear to bring their motion for summary judgment pursuant to both Federal Rules of Civil Procedure 12(b)(6) and 56(c). In so doing, Defendants conflate the two rules. Importantly, the standards governing each of these rules differ. At the hearing, Defense counsel indicated that it intended to bring its motion pursuant to Rule 56.

# ANALYSIS

## A. Plaintiff's Gross Negligence Claim Against Individual Officers and Boulevard & Trumbull Fails

In Count I of his amended complaint, titled Gross Negligence, Plaintiff claims that the individual officers along with Boulevard & Trumbull "acted negligently and were reckless when they forcefully dragged Plaintiff's car without requesting for the keys thereby causing damages to those cars." (Am. Compl. at ¶ 30).

The Court concludes that the individual police officers[5] are entitled to governmental immunity under the Government Tort Liability Act ("GTLA"), which provides, in pertinent part, that:

> (2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting in behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

---

[5] To the extent that Plaintiff seeks to bring a gross negligence claim against Defendant Craig, this claim fails because Defendant Craig–as the highest official in the Detroit Police Department–is immune from tort liability under the GTLA. Specifically, the GTLA grants the "highest appointive executive officials of all levels of government" immunity "from tort liability for injuries to persons or damages to property whenever they are acting within the scope of their judicial, legislative, or executive authority." M.C.L. 691.1407(5).
    Additionally, even if Defendant Craig is not absolutely immune from tort liability, Plaintiff still fails to establish a genuine issue of fact as to whether Defendant Craig exhibited gross negligence under the GTLA. Plaintiff points to nothing in the record establishing Defendant Craig's conduct and how such conduct proximately caused Plaintiff's injuries. Plaintiff does not even allege that Defendant Craig was personally involved in the incident relating to the towing of his vehicles.

> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>
> (c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

M.C.L. § 691.1407(2). Therefore, the individual police officers must meet the above three requirements to be entitled to governmental immunity.

The GTLA contains an exception for injuries resulting from gross negligence, which is defined as conduct "so reckless as to demonstrate a substantial lack of concern for whether an injury results." M.C.L. § 691.1407(8)(a). The Michigan Court of Appeals has explained that under the GTLA, gross negligence "suggests ... almost a willful disregard of precaution or measures to attend to safety and a singular disregard for substantial risk." *Tarlea v. Crabtree*, 263 Mich. App. 80, 90 (2004).

Here, Plaintiff fails to raise a material issue as to whether the individual officers acted with gross negligence. Apart from the self-serving allegations in his amended complaint and his response brief, Plaintiff offers no evidence relating to each individual officer's conduct. In fact, Plaintiff's own complaint establishes that it was employees of Boulevard & Trumbull that were removing the vehicles and not the defendant officers. (Am. Compl. at ¶ 14) ("The employees of the third Defendant were removing the Plaintiff's property/vehicles"). As such, Plaintiff raises no genuine issue as to whether the individual police officers exhibited gross negligence under the GTLA.

As to Defendant Boulevard & Trumbull, the Court concludes that Plaintiff has similarly failed to establish a genuine issue of fact as to whether Plaintiff's vehicles were damaged as a result of Boulevard & Trumbull's gross negligence. Plaintiff has not offered admissible evidence establishing *how* Boulevard & Trumbull proximately caused damage to his vehicles. Plaintiff relies only on the allegations set forth in his complaint and on the unsworn statement of facts contained in his response brief, neither of which are sufficient for purposes of demonstrating that a genuine issue of fact exists.

And to the extent that Plaintiff relies on the "Damage Claim Form" attached as an exhibit to his response, this does not save Plaintiff's claim. The form does not indicate that Defendants were responsible for the alleged damage. Nor does the form dispute Scott Kopke's testimony (Boulevard & Trumbull's employee) that the vehicles were in the same condition as they were when they were first towed. As such, Plaintiff's gross negligence claim against Boulevard & Trumbull fails.

**B.     Plaintiff's § 1983 Claim Against Individual Police Officers Fails**

In Count II of his amended complaint, Plaintiff alleges that the individual defendants unlawfully searched and seized Plaintiff's property and invaded his privacy, in violation of the Fourth, Fifth, and Fourteenth Amendments. (Am. Compl. at ¶ 35). Defendants argue that the individual police officers are entitled to qualified immunity. The Court agrees.

The doctrine of qualified immunity shields governmental officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

11

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has explained that "the qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (internal quotation marks and citations omitted).

In his response, Plaintiff argues that the individual police officers are not entitled to qualified immunity because they "searched the Plaintiff's Home and messed with his property..." (Pl.'s Resp. at 10). Plaintiff's argument is without merit and has no basis in the record. First, there is no evidence establishing that Defendants Joseph and Homic violated Plaintiff's constitutional rights. Notably, Plaintiff has not demonstrated that he was subjected to any illegal search or seizure. To the extent that Plaintiff takes issue with the officers' roles in the towing incident, Plaintiff has not raised a genuine issue as to whether Defendants Joseph and Homic were "plainly incompetent" or knowingly violated the law. Nor has Plaintiff introduced any evidence to dispute: (1) the deeds indicating that the 2440 West Euclid property does not belong to Plaintiff; and (2) the information contained in the Vehicle Impound records, which indicate that the 1999 Mercedes and the 2008 Toyota were impounded for being on private property.

Based on the available evidence, Plaintiff fails to demonstrate that the police officers' conduct violated a clearly established statutory or constitutional right, of which a reasonable person would have known. As such, Defendants Joseph and Homic are entitled to qualified immunity.

### C. Plaintiff's Municipal Liability Claim Against the City of Detroit Fails

In Count III of Plaintiff's amended complaint, Plaintiff alleges a municipal liability claim

against the City of Detroit. Plaintiff's claim for municipal liability fails for two reasons. First, because Plaintiff failed to establish a constitutional violation caused by the individual defendants, Plaintiff cannot rely on their conduct to establish a claim of municipal liability against the City of Detroit. *See Cleary v. County of Macomb*, 409 F. App'x 890, 906 (6th Cir. 2011) (noting that under *Monell* ... a municipality may only be liable to a plaintiff under § 1983 if the plaintiff demonstrates that a constitutional violation occurred and that it was the result of a policy or custom of the municipality).

Moreover, even if Plaintiff established a constitutional violation, he still fails to establish municipal liability. A municipality "be held liable under § 1983 if it maintained a policy or custom that caused the violation" of the plaintiff's rights. *Harvey v. Campbell County*, 453 Fed. App'x 557, 562 (6th Cir. 2011).

Here, Plaintiff's amended complaint alleges, only in the most general terms, that the City of Detroit maintained a policy or custom that resulted in the deprivation of Plaintiff's constitutional rights. Plaintiff fails to identify any specific policy that might have caused the alleged injuries of which he complains. Nor has Plaintiff presented evidence of a custom, policy, or practice that caused the deprivation of his constitutional rights. As such, Plaintiff has failed to present a genuine issue of material fact.

**D.** **Plaintiff's Supervisory Liability Claim Against Police Chief Craig Fails**

In Count IV of his amended complaint, Plaintiff seeks to hold Defendant Craig liable for the conduct of the defendant officers. Plaintiff generally alleges that Defendant Craig violated Plaintiff's constitutional rights "by engaging, and/or explicitly and/or implicitly authorizing,

13

approving and/or knowingly acquiescing in ... conduct as set forth in this complaint..." (Am. Compl. at ¶ 52). Defendants argue that Plaintiff has failed to establish any personal wrongdoing on the part of Defendant Craig and has therefore failed to support a claim under § 1983. The Court agrees.

For a defendant to be held individually liable under 42 U.S.C. § 1983, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A defendant may not be held liable under § 1983 unless he personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). A plaintiff must demonstrate that a supervisory official "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Notably, supervisory liability cannot be based upon the failure to act. *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Here, Plaintiff has failed to offer *any* evidence establishing Defendant Craig's personal involvement in the towing incident. Plaintiff also fails to point to any evidence establishing that Defendant Craig authorized, approved or knowingly acquiesced in the allegedly unconstitutional conduct. As such, this claim fails.

**E.     Plaintiff's Civil Conspiracy Claim Against Individual Defendants Fails**

In Count V of his amended complaint, Plaintiff alleges that the "individual Defendants named herein committed malicious acts in furtherance of their Conspiracy to deprive Plaintiff of his Civil Rights under the law..." (Am. Compl. at ¶ 56). Specifically, Plaintiff alleges that the

14

defendants conspired to seize Plaintiff's property without justification. (*Id*. at ¶ 57). Based upon the available evidence, it is clear that Plaintiff fails to establish a dispute of fact as to whether the individual defendants conspired to deprive Plaintiff of his constitutional rights.

To raise a civil conspiracy claim under § 1983, plaintiff must show "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007).

Here, Plaintiff has not offered any evidence establishing the existence of a plan. Nor has Plaintiff pointed to evidence establishing that the individual defendants shared in the same objective. Plaintiff merely relies on unsworn allegations that the officers acted in concert to wrongfully seize his vehicles without justification. Unfortunately for Plaintiff, nothing in the record supports this allegation. As such, this claim fails.

## CONCLUSION

For the foregoing reasons, the Court shall **GRANT** Defendants' Motions for Summary Judgment (Doc. # 23 & 25).

**IT IS SO ORDERED.**

Dated: May 24, 2017
s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on May 24, 2017, the foregoing document was served on counsel of record via electronic means and upon Stepen Anjorin via First Class mail at the address below:

Stephen Anjorin
2440 West Euclid Street
Detroit, MI 48206

s/J. McCoy
Case Manager